# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ ALLEGHENY _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

Commencement of Action:
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Lawana Double

Lead Defendant's Name:
Dollar General Corporation, et al.,

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?**   ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?**   ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: Marc Simon, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case**:   Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.***  If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

EXHIBIT A

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Lawana Double | : | CIVIL DIVISION |
| Plaintiff | : | |
| | : | No.: |
| v. | : | |
| Dollar General Corporation | : | |
| And | : | |
| Tom Flatt | : | |
| And | : | **COMPLAINT** |
| ExchangeRight Net Leased Portfolio d/b/a ExchangeRigh | : | |
| | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16, LLC | : | (JURY TRIAL DEMANDED) |
| | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16 DST | : | |
| Defendant(s) | : | |

Marc I. Simon, Esquire
PA I.D. #: 201798
Ryan M. Flaherty, Esquire
PA I.D. #: 314552
Amanda L. Nese, Esquire
PA I.D. #: 318981
Ashley Henkle, Esquire
PA I.D. #324264
Jessica Thimons, Esquire
PA I.D. #317793
Brandon R. Keller, Esquire
PA I.D. # 314022

SIMON & SIMON, P.C.
707 Grant Street, Suite 1200
Pittsburgh, PA 15219
Tel: (412) 360-7257
Tel: (412) 543-8951
Fax: (267) 639-9006

**NOTICE**

**YOU HAVE BEEN SUED IN COURT**

If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE**

**Lawyer Referral Service**
**Allegheny Bar Association**
**11th Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**Telephone: (412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Lawana Double | : | CIVIL DIVISION |
| Plaintiff | : | |
| | : | No.: |
| v. | : | |
| Dollar General Corporation | : | |
| And | : | |
| Tom Flatt | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio d/b/a | : | |
| ExchangeRight | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16, | : | |
| LLC | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16 | : | |
| DST | : | |
| Defendant(s) | : | |

## **COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiff, Lawana Double, by and through his/her attorneys,

Simon & Simon, P.C., and Marc I. Simon, Esquire, and files the within Complaint; and in

support thereof avers as follows:

1.      Plaintiff, Lawana Double, is resident and citizen of the Commonwealth of Pennsylvania,

residing at 192 Double Rd., Renfrew, PA 16053.

2.      Upon information and belief, Defendant, Dollar General Corporation, is a business entity

registered to do business in the Commonwealth of Pennsylvania where the principal place of business is

located at 521 Evans City Rd., Butler, PA 16001, and at all times material hereto was the owner, lessor,

lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at

521 Evans City Rd., Butler, PA 16001.

3.      Upon information and belief, Defendant, Tom Flatt, is a citizen of the commonwealth of

Pennsylvania where the principal place of business is located at 521 Evans City Rd., Butler, PA 16001,

at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

4. Upon information and belief, Defendant, ExchangeRight Net Leased Portfolio d/b/a ExchangeRight, is a business entity registered to do business in the State of California where the principal place of business is located at 1055 E Colorado Blvd., Suite 310, Pasadena, CA 91106, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

5. Upon information and belief, Defendant, ExchangeRight Net Leased Portfolio 16, LLC, is a business entity registered to do business in the State of California where the principal place of business is located at 1055 E Colorado Blvd., Suite 310, Pasadena, CA 91106, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

6. Upon information and belief, Defendant, ExchangeRight Net Leasd Portfolio 16 DST, is a business entity registered to do business in the State of California where the principal place of business is located at 1055 E Colorado Blvd., Suite 310, Pasadena, CA 91106, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

7. Defendant named in paragraphs 2 through 6 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

8. At all times material hereto, Defendants were acting individually, jointly and/or by and through his/her agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 521 Evans City Rd., Butler, PA 16001, collectively referred to hereinafter as "the premises."

9.  On or about August 3, 2021, at approximately, 2:30 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

10. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

11. On or about August 3, 2021, while on Defendants' premises, Plaintiff tripped and fell over a large box of cleaning supplies, which was located on the floor in the aisle, on the premises, causing serious and permanent personal injuries, described in detail *infra*.

12. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, knew or under the reasonable exercise of diligence should have known of the dangerous condition and negligently and/or carelessly allowed and permitted dangerous and unsafe condition of the large box of cleaning supplies left on the floor in the aisle to exist.

## <u>COUNT I</u>
### Lawana Double v. Dollar General Corporation
### Negligence

13. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

      a.  Failure to move the large box of cleaning supplies from the floor in  the aisle;

      b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

c.  Failure to request and supervise periodic inspections of the premises in and
    around the area where Plaintiff fell by Defendant's employees and/or agents;

d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and
    reasonable care under the circumstance in view of the foreseeable dangers,
    accidents and/or injuries that could occur as a result of the conditions on the
    premises;

e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the
    reasonably foreseeable defective, dangerous, and unsafe conditions giving rise
    to the instant action;

f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.  Failure to exercise the proper care, custody and control over the aforesaid
    premises.

14. Upon information and belief, Defendants had specific knowledge of an ongoing
dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the
alternative under the reasonable exercise of due care should have known of the dangerous
condition.

15. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole
cause of the dangerous condition on the premises, causing the Plaintiff to fall.

16. As a direct and consequential result of the negligent and/or careless conduct of the Defendants,
described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her
right arm. More specifically, a Humerus fracture.

17. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

18. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

19. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

20. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, Dollar General Corporation, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT II
**Lawana Double v. Tom Flatt**
**Negligence**

22. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

      a. Defendant Tom Flatt was **personally aware** of the risks of product protruding into the walk isles;

b.  Defendant Tom Flatt **personally knew** about the floor and product safety guidelines required by Defendant Dollar General;

c.  Defendant Tom Flatt **knew** that in order to prevent injuries such as the incidents sustained by Plaintiff, employees employed by defendant would have to be qualified and be property trained—all of which were his responsibility;

d.  Defendant Tom Flatt **knew** that Defendant Dollar General should have personnel inspecting the floors and product on the shelves to prevent injuries such as the ones sustained by Plaintiff.

e.  Despite the **knowledge** of the aforesaid, Defendant Tom Flatt chose to:

    i.   Fail to properly store/move the dangerous condition;

    ii.  Fail to implement Defendant Dollar General's Policies and procedures related to floor safety;

    iii. Fail to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    iv.  Fail to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    v.   Fail to reasonably inspect, maintain and/or otherwise exercise due and  reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    vi.  Fail to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    vii.  Fail to provide adequate safeguards to prevent the injury to Plaintiff;

    viii.  Fail to exercise the proper care, custody and control over the aforesaid premises.

    ix.  Fail to exercise the proper care, custody and control over the aforesaid premises;

    x.  Fail to follow internal Dollar General safety protocols;

    xi.  Fail to properly train employees; and

    xii.  Negligently manage of the premises;

23. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

24. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

25. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

26. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

27. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

28. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

29. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, Tom Flatt, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT III
### Lawana Double v. ExchangeRight Net Leased Portfolio d/b/a ExchangeRight
### Negligence

31. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

    a.  Failure to move the large box of cleaning supplies from the floor in  the aisle;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.   Failure to exercise the proper care, custody and control over the aforesaid premises.

32. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

33. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

34. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

35. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

36. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

37. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

38. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

39. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, ExchangeRight Net Leased Portfolio d/b/a ExchangeRight, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### <u>COUNT IV</u>
**Lawana Double v. ExchangeRight Net Leased Portfolio 16, LLC**
**Negligence**

40. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

    a.   Failure to move the large box of cleaning supplies from the floor in the aisle;

    b.   Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.   Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.   Failure to exercise the proper care, custody and control over the aforesaid premises.

41. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

42. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

43. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

44. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

45. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

46. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

47. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

48. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, ExchangeRight Net Leased Portfolio 16, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT V
**Lawana Double v. ExchangeRight Net Leased Portfolio 16 DST**
**Negligence**

49. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

    a.  Failure to move the large box of cleaning supplies from the floor in the aisle;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

e.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.   Failure to exercise the proper care, custody and control over the aforesaid premises.

50. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

51. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

52. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

53. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

54. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

55. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

56. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

57. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, ExchangeRight Net Leased Portfolio 16 DST, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: *Marc Simon*

Marc I. Simon, Esquire

Simon & Simon, P.C.

*Attorney for Plaintiff*

707 Grant Street, Suite 1200
Pittsburgh, PA 15219
(412) 360-7257

## **<u>VERIFICATION</u>**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_Marc Simon_
_____
Marc I. Simon

## <u>VERIFICATION</u>

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

14269

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

LAWANA DOUBLE,

                           Plaintiff,

               vs.

DOLLAR GENERAL CORPORATION;
TOM FLATT; EXCHANGERIGHT NET
LEASED PORTFOLIO D/B/A
EXCHANGERIGH; EXCHANGERIGHT
NET LEASED PORTFOLIO 16, LLC; AND
EXCHANGERIGHT NET LEASED
PORTFOLIO 16 DST,

                           Defendants.


**JURY TRIAL DEMANDED**

CIVIL DIVISION

No. GD-21-015078

**PRAECIPE FOR APPEARANCE**

Code:

Filed on behalf:  DOLLAR GENERAL
CORPORATION and TOM FLATT, Defendants

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693


EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                                    CIVIL DIVISION

                                    Plaintiff,        No. GD-21-015078

        vs.

DOLLAR GENERAL CORPORATION;
TOM FLATT; EXCHANGERIGHT NET
LEASED PORTFOLIO D/B/A
EXCHANGERIGH; EXCHANGERIGHT
NET LEASED PORTFOLIO 16, LLC; AND
EXCHANGERIGHT NET LEASED
PORTFOLIO 16 DST,

                        Defendants.


**PRAECIPE FOR APPEARANCE**


TO:        Prothonotary

        Kindly enter our appearance on behalf DOLLAR GENERAL CORPORATION and

TOM FLATT, Defendants, as is shown in the caption.

**JURY TRIAL DEMANDED**


                    DELL, MOSER, LANE & LOUGHNEY, LLC



                    _____s/ *Sean P. Hannon*_____
                    Sean P. Hannon, Esquire
                    Attorneys for DOLLAR GENERAL CORPORATION and
                    TOM FLATT, Defendants

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.

Respectfully submitted,

Date:    January 12, 2022            s/ *Sean P. Hannon*
                                                Sean P. Hannon, Esquire
                                                PA I.D. #58713
                                                DELL, MOSER, LANE & LOUGHNEY, LLC
                                                Two Chatham Center, Suite 1500
                                                112 Washington Place
                                                Pittsburgh, PA  15219
                                                Phone: (412) 471-1180
                                                Fax:    (412) 471-2693
                                                Attorneys for DOLLAR GENERAL
                                                CORPORATION and TOM FLATT, Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **PRAECIPE FOR APPEARANCE** has been served upon all counsel and parties of record by email transmission this 12th day of January, 2022.

Mark I. Simon, Esquire
SIMON & SIMON, P.C.
707 Grant St., Suite 1200
Pittsburgh, PA  15219
*email:  marcsimon@gosimon.com*

ExchangeRight Net Leased Portfolio d/b/a ExchangeRight
1055 East Colorado Blvd., Suite 310
Pasadena, CA  91106
*Pro se Defendants*

s/ *Sean P. Hannon*

Sean P. Hannon, Esquire
Attorneys for DOLLAR GENERAL
CORPORATION and TOM FLATT,
Defendants

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

COVER SHEET

| Plaintiff(s)<br><br>Lawana Double | CIVIL DIVISION |
|---|---|
| | Case Number :<br><br>GD ▾ - 21 - 015078 |
| | Type of pleading :<br><br>Affidavit of Service |
| | Code and Classification : |
| | Filed on behalf of<br><br>Lawana Double<br><br><br>(Name of the filing party) |
| **Vs**<br>Defendant(s)<br><br>Tom Flatt, et al. | ☑ Counsel of Record<br>☐ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br><br>BNY Mellon Center<br>500 Grant Street<br>Suite 2900<br>Pittsburgh, PA 15219<br>Phone: (412) 278-7504 |
| | Attorney's State ID : 201798 |
| | Attorney's Firm ID : |

GD-21-015078                    EXHIBIT C

[cover]

**AFFIDAVIT OF SERVICE**

| Case:<br>GD-21-015078 | Court:<br>Allegheny Court of Common Pleas | County:<br>Allegheny | Job:<br>6516289 (2021-17520 / 017181) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Lawana Double | | Defendant / Respondent:<br>Tom Flatt, et al | |
| Received by:<br>Heaven Sent Legal | | For:<br>SIMON & SIMON, PC | |
| To be served upon:<br>TOM FLATT | | | |

I, Guy Rubei, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   TOM FLATT, 521 EVANS CITY RD, BUTLER, PA 16001

**Manner of Service:**   Personal/Individual, Jan 6, 2022, 3:48 pm EST

**Documents:**   CIVIL COVER SHEET, NOTICE, COMPLAINT IN CIVIL ACTION, VERIFICATIONS, PLAINTIFF'S(S') REQUESTS FOR ADMISSIONS - SET I Premises Liability Cases, REQUEST FOR PRODUCTION, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), VERIFICATION,PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S), CERTIFICATE OF SERVICE

**Additional Comments:**
1) Successful Attempt: Jan 6, 2022, 3:48 pm EST at 521 EVANS CITY RD, BUTLER, PA 16001 received by TOM FLATT. Age: 56; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 5'11"; Hair: Brown; Eyes: Blue;
Served at office

_____   01/07/2022
Guy Rubei                           Date

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

_____
Date                           Commission Expires

Commonwealth of Pennsylvania - Notary Seal
JULIE SCHNECK - Notary Public
Allegheny County
My Commission Expires November 2, 2025
Commission Number 1253402

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
# CIVIL DIVISION

## COVER SHEET

| Plaintiff(s)<br>Lawana Double | CIVIL DIVISION |
|---|---|
| | Case Number :<br>GD - 21 - 015078 |
| | Type of pleading :<br>Affidavit of Service |
| | Code and Classification : |
| Vs<br>Defendant(s)<br>Tom Flatt, et al. | Filed on behalf of<br>Lawana Double<br><br>(Name of the filing party) |
| | ☑ Counsel of Record<br>☐ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br>BNY Mellon Center<br>500 Grant Street<br>Suite 2900<br>Pittsburgh, PA 15219<br>Phone: (412) 278-7504 |
| | Attorney's State ID : 201798 |
| | Attorney's Firm ID : |

GD-21-015078                    EXHIBIT D

[cover]

## AFFIDAVIT OF SERVICE

| Case:<br>GD-21-015078 | Court:<br>Allegheny Court of Common Pleas | County:<br>Allegheny | Job:<br>6517662 (2021-17520 / 017192) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Lawana Double | | Defendant / Respondent:<br>Tom Flatt, et al | |
| Received by:<br>Heaven Sent Legal | | For:<br>SIMON & SIMON, PC | |
| To be served upon:<br>DOLLAR GENERAL CORPORATION | | | |

I, Guy Rubei, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: Thomas Flatt, Store Manager, DOLLAR GENERAL CORPORATION, 521 EVANS CITY RD, BUTLER, PA 16001

Manner of Service: Business, Jan 5, 2022, 4:11 pm EST

Documents: CIVIL COVER SHEET, NOTICE, COMPLAINT IN CIVIL ACTION, VERIFICATIONS, PLAINTIFF'S(S') REQUESTS FOR ADMISSIONS - SET I Premises Liability Cases, REQUEST FOR PRODUCTION, PLAINTIFF'S(S') INTERROGATORIES ADDRESSED TO DEFENDANT(S), VERIFICATION,PLAINTIFF'S(S') REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT(S), CERTIFICATE OF SERVICE

**Additional Comments:**
1) Successful Attempt: Jan 5, 2022, 4:11 pm EST at 521 EVANS CITY RD, BUTLER, PA 16001 received by Thomas Flatt, Store Manager, DOLLAR GENERAL CORPORATION. Age: 56; Ethnicity: Caucasian; Gender: Male; Weight: 191; Height: 5'11"; Hair: Brown; Eyes: Blue;

_Subscribed and sworn to before me by the affiant who is personally known to me._

Guy Rubei                     Date: 01/07/2022

Notary Public

Date: 01/07/2022          Commission Expires

Commonwealth of Pennsylvania - Notary Seal
JULIE SCHNECK - Notary Public
Allegheny County
My Commission Expires November 2, 2025
Commission Number 1253402

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,

                    Plaintiff,

       vs.

DOLGENCORP, LLC, t/d/b/a DOLLAR
GENERAL,

                   Defendant.

**JURY TRIAL DEMANDED**

CIVIL DIVISION

No. GD-21-015078

**NOTICE OF SERVICE OF DEFENDANT'S
FIRST SET OF INTERROGATORIES AND
FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS DIRECTED TO PLAINTIFF**

Code:

Filed on behalf:  DOLGENCORP, LLC, t/d/b/a
DOLLAR GENERAL, Defendants

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693

EXHIBIT E

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                                    CIVIL DIVISION

                                    Plaintiff,        No. GD-21-015078

           vs.

DOLGENCORP, LLC, t/d/b/a
DOLLAR GENERAL,

                        Defendant.

**NOTICE OF SERVICE**

I hereby certify that the original of **Defendant Dolgencorp, LLC, t/d/b/a Dollar General's First Set of Interrogatories and First Request for Production of Documents Directed to Plaintiff** were served this 22nd day of February, 2022, by email transmission, upon Ashley M. Henkle, Esquire, SIMON & SIMON, P.C.. 707 Grant St., Suite 1200, Pittsburgh, PA 15219 at *ashleyhenkle@gosimon.com.*

DELL, MOSER, LANE & LOUGHNEY, LLC

_____*Sean P. Hannon*_____
Sean P. Hannon, Esquire
Attorneys for Dolgencorp, LLC t/d/b/a Dollar
General, Defendant

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within **DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF** has been served upon all counsel and parties of record by email transmission this 22nd  day of February, 2022.

Ashley M. Henkle, Esquire
SIMON & SIMON, P.C.
707 Grant St., Suite 1200
Pittsburgh, PA  15219
*email:  ashleyhenkle@gosimon.com*

*Sean P. Hannon*
Sean P. Hannon, Esquire
Attorneys for Dolgencorp, LLC t/d/b/a
Dollar General, Defendant

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Lawana Double | : | CIVIL DIVISION |
| Plaintiff | : | |
| | : | No.: GD-21-015078 |
| v. | : | |
| Dollar General Corporation | : | |
| And | : | |
| Tom Flatt | : | **PRAECIPE TO REINSTATE** |
| And | : | **COMPLAINT** |
| ExchangeRight Net Leased Portfolio d/b/a | : | |
| ExchangeRigh | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16, | : | (JURY TRIAL DEMANDED) |
| LLC | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16 | : | |
| DST | : | |
| Defendant(s) | : | |

Filed on Behalf of Plaintiff,
Lawana Double
Marc I. Simon, Esquire
PA I.D. #: 201798
Ryan M. Flaherty, Esquire
PA I.D. #: 314552
Amanda L. Nese, Esquire
PA I.D. #: 318981
Ashley Henkle, Esquire
PA I.D. #324264
Jessica Thimons, Esquire
PA I.D. #317793
Brandon Keller, Esquire
PA I.D. # 314022

SIMON & SIMON, P.C.
707 Grant Street, Suite 1200
Pittsburgh, PA 15219
Tel: (412) 432-4205
Fax: (267) 639-9006
Email: amandanese@gosimon.com

JURY TRIAL DEMANDED

EXHIBIT F

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Lawana Double | : | CIVIL DIVISION |
| Plaintiff | : | |
| | : | No.: GD-21-015078 |
| v. | : | |
| Dollar General Corporation | : | |
| And | : | |
| Tom Flatt | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio d/b/a ExchangeRigh | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16, LLC | : | (JURY TRIAL DEMANDED) |
| And | : | |
| ExchangeRight Net Leased Portfolio 16 DST | : | |
| Defendant(s) | : | |

## PRAECIPE TO REINSTATE COMPLAINT

**TO THE PROTHONOTARY**:

  Kindly reinstate the Complaint which is attached hereto, in regard to the above-captioned matter.

           Respectfully submitted,

      By: _____
           /s
           Marc I. Simon, Esquire

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ County
ALLEGHENY

| For Prothonotary Use Only: |
|---|
| Docket No: |

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Lawana Double

Lead Defendant's Name:
Dollar General Corporation, et al.,

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?**   ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?**   ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney:  Marc Simon, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**S E C T I O N   B**

**Nature of the Case**:   Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Lawana Double | : | CIVIL DIVISION |
| Plaintiff | : | |
| | : | No.: |
| v. | : | |
| Dollar General Corporation | : | |
| And | : | |
| Tom Flatt | : | |
| And | : | **COMPLAINT** |
| ExchangeRight Net Leased Portfolio d/b/a ExchangeRigh | : | |
| | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16, LLC | : | (JURY TRIAL DEMANDED) |
| | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16 DST | : | |
| Defendant(s) | : | |

Marc I. Simon, Esquire
PA I.D. #: 201798
Ryan M. Flaherty, Esquire
PA I.D. #: 314552
Amanda L. Nese, Esquire
PA I.D. #: 318981
Ashley Henkle, Esquire
PA I.D. #324264
Jessica Thimons, Esquire
PA I.D. #317793
Brandon R. Keller, Esquire
PA I.D. # 314022

SIMON & SIMON, P.C.
707 Grant Street, Suite 1200
Pittsburgh, PA 15219
Tel: (412) 360-7257
Tel: (412) 543-8951
Fax: (267) 639-9006

**NOTICE**

**YOU HAVE BEEN SUED IN COURT**

If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE**

**Lawyer Referral Service**
**Allegheny Bar Association**
**11th Floor Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**Telephone: (412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Lawana Double | : | CIVIL DIVISION |
| Plaintiff | : | |
| | : | No.: |
| v. | : | |
| Dollar General Corporation | : | |
| And | : | |
| Tom Flatt | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio d/b/a ExchangeRight | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16, LLC | : | |
| And | : | |
| ExchangeRight Net Leased Portfolio 16 DST | : | |
| Defendant(s) | : | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Lawana Double, by and through his/her attorneys, Simon & Simon, P.C., and Marc I. Simon, Esquire, and files the within Complaint; and in support thereof avers as follows:

1.     Plaintiff, Lawana Double, is resident and citizen of the Commonwealth of Pennsylvania, residing at 192 Double Rd., Renfrew, PA 16053.

2.     Upon information and belief, Defendant, Dollar General Corporation, is a business entity registered to do business in the Commonwealth of Pennsylvania where the principal place of business is located at 521 Evans City Rd., Butler, PA 16001, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

3.     Upon information and belief, Defendant, Tom Flatt, is a citizen of the commonwealth of Pennsylvania where the principal place of business is located at 521 Evans City Rd., Butler, PA 16001,

at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

4.   Upon information and belief, Defendant, ExchangeRight Net Leased Portfolio d/b/a ExchangeRight, is a business entity registered to do business in the State of California where the principal place of business is located at 1055 E Colorado Blvd., Suite 310, Pasadena, CA 91106, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

5.   Upon information and belief, Defendant, ExchangeRight Net Leased Portfolio 16, LLC, is a business entity registered to do business in the State of California where the principal place of business is located at 1055 E Colorado Blvd., Suite 310, Pasadena, CA 91106, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

6.   Upon information and belief, Defendant, ExchangeRight Net Leasd Portfolio 16 DST, is a business entity registered to do business in the State of California where the principal place of business is located at 1055 E Colorado Blvd., Suite 310, Pasadena, CA 91106, and at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 521 Evans City Rd., Butler, PA 16001.

7.   Defendant named in paragraphs 2 through 6 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

8.   At all times material hereto, Defendants were acting individually, jointly and/or by and through his/her agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 521 Evans City Rd., Butler, PA 16001, collectively referred to hereinafter as "the premises."

9.  On or about August 3, 2021, at approximately, 2:30 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

10. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

11. On or about August 3, 2021, while on Defendants' premises, Plaintiff tripped and fell over a large box of cleaning supplies, which was located on the floor in the aisle, on the premises, causing serious and permanent personal injuries, described in detail *infra*.

12. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, knew or under the reasonable exercise of diligence should have known of the dangerous condition and negligently and/or carelessly allowed and permitted dangerous and unsafe condition of the large box of cleaning supplies left on the floor in the aisle to exist.

### COUNT I
**Lawana Double v. Dollar General Corporation**
**Negligence**

13. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

  a.  Failure to move the large box of cleaning supplies from the floor in  the aisle;

  b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.   Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.   Failure to exercise the proper care, custody and control over the aforesaid premises.

14. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

15. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

16. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

17. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

18. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

19. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

20. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, Dollar General Corporation, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Lawana Double v. Tom Flatt
### Negligence

22. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

      a.  Defendant Tom Flatt was **personally aware** of the risks of product protruding into the walk isles;

b. Defendant Tom Flatt **personally knew** about the floor and product safety guidelines required by Defendant Dollar General;

c. Defendant Tom Flatt **knew** that in order to prevent injuries such as the incidents sustained by Plaintiff, employees employed by defendant would have to be qualified and be property trained—all of which were his responsibility;

d. Defendant Tom Flatt **knew** that Defendant Dollar General should have personnel inspecting the floors and product on the shelves to prevent injuries such as the ones sustained by Plaintiff.

e. Despite the **knowledge** of the aforesaid, Defendant Tom Flatt chose to:

    i.   Fail to properly store/move the dangerous condition;

    ii.  Fail to implement Defendant Dollar General's Policies and procedures related to floor safety;

    iii. Fail to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    iv.  Fail to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    v.   Fail to reasonably inspect, maintain and/or otherwise exercise due and  reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

vi.   Fail to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

vii.   Fail to provide adequate safeguards to prevent the injury to Plaintiff;

viii.   Fail to exercise the proper care, custody and control over the aforesaid premises.

ix.   Fail to exercise the proper care, custody and control over the aforesaid premises;

x.   Fail to follow internal Dollar General safety protocols;

xi.   Fail to properly train employees; and

xii.   Negligently manage of the premises;

23. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

24. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

25. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

26. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

27. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

28. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

29. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, Tom Flatt, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## <u>COUNT III</u>
### Lawana Double v. ExchangeRight Net Leased Portfolio d/b/a ExchangeRight Negligence

31. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

      a.  Failure to move the large box of cleaning supplies from the floor in  the aisle;

      b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

      c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and
reasonable care under the circumstance in view of the foreseeable dangers,
accidents and/or injuries that could occur as a result of the conditions on the
premises;

e.   Failure to provide sufficient warning to the Plaintiff as to the existence of the
reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to
the instant action;

f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.   Failure to exercise the proper care, custody and control over the aforesaid
premises.

32. Upon information and belief, Defendants had specific knowledge of an ongoing
dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the
alternative under the reasonable exercise of due care should have known of the dangerous
condition.

33. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole
cause of the dangerous condition on the premises, causing the Plaintiff to fall.

34. As a direct and consequential result of the negligent and/or careless conduct of the Defendants,
described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her
right arm. More specifically, a Humerus fracture.

35. As a result of these injuries, all or some of which may permanent in nature, and all of which are
to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great
anguish, pain, sickness, agony, and embarrassment.

36. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

37. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

38. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

39. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, ExchangeRight Net Leased Portfolio d/b/a ExchangeRight, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT IV
### Lawana Double v. ExchangeRight Net Leased Portfolio 16, LLC
### Negligence

40. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

    a.  Failure to move the large box of cleaning supplies from the floor in  the aisle;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and
reasonable care under the circumstance in view of the foreseeable dangers,
accidents and/or injuries that could occur as a result of the conditions on the
premises;

e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the
reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to
the instant action;

f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

g.  Failure to exercise the proper care, custody and control over the aforesaid
premises.

41. Upon information and belief, Defendants had specific knowledge of an ongoing
dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the
alternative under the reasonable exercise of due care should have known of the dangerous
condition.

42. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole
cause of the dangerous condition on the premises, causing the Plaintiff to fall.

43. As a direct and consequential result of the negligent and/or careless conduct of the Defendants,
described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her
right arm. More specifically, a Humerus fracture.

44. As a result of these injuries, all or some of which may permanent in nature, and all of which are
to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great
anguish, pain, sickness, agony, and embarrassment.

45. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

46. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

47. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

48. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, ExchangeRight Net Leased Portfolio 16, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT V
**Lawana Double v. ExchangeRight Net Leased Portfolio 16 DST**
**Negligence**

49. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct, actual, proximate, and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, in the following particulars:

    a.  Failure to move the large box of cleaning supplies from the floor in  the aisle;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.   Failure to exercise the proper care, custody and control over the aforesaid premises.

50. Upon information and belief, Defendants had specific knowledge of an ongoing dangerous condition in/on the premises where Plaintiff fell as described, *supra*, or in the alternative under the reasonable exercise of due care should have known of the dangerous condition.

51. The negligence and/or carelessness of the Defendants was the direct, actual, proximate, and sole cause of the dangerous condition on the premises, causing the Plaintiff to fall.

52. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious personal injuries, including, but not limited to, her right arm. More specifically, a Humerus fracture.

53. As a result of these injuries, all or some of which may permanent in nature, and all of which are to Plaintiff's great financial detriment and loss; Plaintiff has suffered and will continue to suffer great anguish, pain, sickness, agony, and embarrassment.

54. As a result of Defendant's negligence and carelessness, as aforesaid, Plaintiff has suffered permanent scarring and disfigurement.

55. As an additional result of the carelessness and negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered, *supra*.

56. As a further result of Plaintiff's injuries, Plaintiff suffered a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

57. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

WHEREFORE, Plaintiff, Lawana Double, demands judgment in Plaintiff's favor and against Defendant, ExchangeRight Net Leased Portfolio 16 DST, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: *Marc Simon*

Marc I. Simon, Esquire

Simon & Simon, P.C.

*Attorney for Plaintiff*

707 Grant Street, Suite 1200
Pittsburgh, PA 15219
(412) 360-7257

## **<u>VERIFICATION</u>**

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.


_____
Marc I. Simon

## <u>VERIFICATION</u>

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LAWANA DOUBLE, | CIVIL DIVISION |
| Plaintiff, | No. GD-21-015078 |
| vs. | **CONSENTED MOTION TO CHANGE CAPTION** |
| DOLLAR GENERAL CORPORATION; TOM FLATT; EXCHANGERIGHT NET LEASED PORTFOLIO D/B/A EXCHANGERIGHT; EXCHANGERIGHT NET LEASED PORTFOLIO 16, LLC; AND EXCHANGERIGHT NET LEASED PORTFOLIO 16 DST, | Code: |
| Defendants. | Filed on behalf:  DOLLAR GENERAL CORPORATION and TOM FLATT, Defendants |

JURY TRIAL DEMANDED

**Date Motion Served:  June 9, 2022**

**The undersigned certifies to this Honorable Court that all parties to this Litigation consent, or do not oppose this Motion.**

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Ashley M. Henkle, Esq. - Counsel for Plaintiff
SIMON & SIMON, P.C.
707 Grant St., Suite 1200
Pittsburgh, PA  15219
*email:  ashleyhenkle@gosimon.com*
Phone: 412-360-7257

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693
 email:  sph@dellmoser.com

         I SEAN P. HANNON, ESQUIRE, HEREBY CERTIFY THAT THIS MOTION REQUESTS RELIEF FOR A CASE THAT HAS NEVER APPEARED ON ANY PUBLISHED TRIAL LIST, HAS NOT BEEN DESIGNATED COMPLEX, AND OR COMPLEX DESIGNATION IS NOT PENDING .

EXHIBIT G

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                                    CIVIL DIVISION

                              Plaintiff,          No. GD-21-015078

          vs.

DOLLAR GENERAL CORPORATION;
TOM FLATT; EXCHANGERIGHT NET
LEASED PORTFOLIO D/B/A
EXCHANGERIGHT; EXCHANGERIGHT
NET LEASED PORTFOLIO 16, LLC; AND
EXCHANGERIGHT NET LEASED
PORTFOLIO 16 DST,

                              Defendants.

**CONSENTED MOTION TO CHANGE CAPTION**

AND NOW come Dollar General Corporation; Tom Flatt; Exchangeright Net Leased Portfolio d/b/a Exchangeright; Exchangeright Net Leased Portfolio 16, LLC; and Exchangeright Net Leased Portfolio 16 DST, by and through their attorneys, Sean P. Hannon and Dell, Moser, Lane & Loughney, LLC and file the following Consent Motion to Change Caption:

1.      Pursuant to the attached Stipulation, the Parties to the lawsuit have agreed to dismiss all of the Defendants from the lawsuit, except Dolgencorp, LLC d/b/a Dollar General and to change the caption accordingly.  See Exhibit A executed Stipulation.

2.      Plaintiff consents to this Motion and the change of caption.

WHEREFORE, Defendants Dollar General Corporation; Tom Flatt; Exchangeright Net Leased Portfolio d/b/a Exchangeright; Exchangeright Net Leased Portfolio 16, LLC; and Exchangeright Net Leased Portfolio 16 DST respectfully request that the attached Order

changing the caption be signed by the Court.

Respectfully submitted,

Date:    June 9, 2022                         s/ *Sean P. Hannon*

Sean P. Hannon, Esquire
PA I.D. #58713
DELL, MOSER, LANE & LOUGHNEY, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693
Attorneys for Defendants

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

LAWANA DOUBLE,

                                    Plaintiff,

                    vs.

DOLLAR GENERAL CORPORATION;
TOM FLATT; EXCHANGERIGHT NET
LEASED PORTFOLIO D/B/A
EXCHANGERIGHT; EXCHANGERIGHT
NET LEASED PORTFOLIO 16, LLC; AND
EXCHANGERIGHT NET LEASED
PORTFOLIO 16 DST,

                                    Defendants.


**JURY TRIAL DEMANDED**

CIVIL DIVISION

No. GD-21-015078


**STIPULATION**

Code:

Filed on behalf:  DOLLAR GENERAL
CORPORATION and TOM FLATT, Defendants

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693

EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                        CIVIL DIVISION

                  Plaintiff,        No. GD-21-015078

      vs.

DOLLAR GENERAL CORPORATION;
TOM FLATT; EXCHANGERIGHT NET
LEASED PORTFOLIO D/B/A
EXCHANGERIGHT; EXCHANGERIGHT
NET LEASED PORTFOLIO 16, LLC; AND
EXCHANGERIGHT NET LEASED
PORTFOLIO 16 DST,

                 Defendants.

## STIPULATION

It is hereby stipulated by and between the parties through their undersigned counsel that the Defendant identified as "Dollar General Corporation" is and shall be substituted in the caption and Complaint to be more properly identified as "Dolgencorp, LLC."  Further, it is stipulated that Dollar General Corporation, Tom Flatt, ExchangeRight Net Leased Portfolio d/b/a ExchangeRight, ExchangeRight Net Lease Portfolio 16, LLC and ExchangerRight Net Leased Portfolio 16 DST, are dismissed from the lawsuit.

The new caption shall be as follows:

           LAWANA DOUBLE,             CIVIL DIVISION

                     Plaintiff,        NO. GD-21-015078

             vs.

           DOLGENCORP, LLC d/b/a
           DOLLAR GENERAL,

                 Defendant

_____
Ashley M. Henkle, Esquire
Counsel for Lawana Double

_____*Sean P. Hannon*_____
Sean P. Hannon, Esquire
Counsel for Defendant, Dollar General
Corporation and Dolgencorp, LLC
d/b/a Dollar General

_____*Sean P. Hannon*_____
Sean P. Hannon, Esquire
Counsel for Defendants, Tom Flatt and
ExchangeRight Net Leased Portfolio d/b/a
ExchangeRight; ExchangeRight Net
Leased Portfolio 16, LLC; and
ExchangeRight Net Leased Portfolio 16
Dst.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.

Respectfully submitted,

Date:   June 9, 2022
                                            *Sean P. Hannon*
                                            Sean P. Hannon, Esquire
                                            PA I.D. #58713
                                            DELL, MOSER, LANE & LOUGHNEY, LLC
                                            Two Chatham Center, Suite 1500
                                            112 Washington Place
                                            Pittsburgh, PA  15219
                                            Phone: (412) 471-1180
                                            Fax:    (412) 471-2693
                                            Attorneys for Defendant, Dollar General
                                            Corporation and Dolgencorp, LLC d/b/a Dollar
                                            General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within **STIPULATION** has been served

upon all counsel and parties of record by email transmission this  9th day of June, 2022.

Ashley M. Henkle, Esquire
SIMON & SIMON, P.C.
500 Grant St., Suite 2900
Pittsburgh, PA  15219
*email:  ashleyhenkle@gosimon.com*


_____*Sean P. Hannon*_____
Sean P. Hannon, Esquire
Attorneys for Defendant, Dollar General
Corporation and Dolgencorp, LLC d/b/a
Dollar General

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.


Respectfully submitted,


Date:   __June 9, 2022__                        ___s/ *Sean P. Hannon*_____

Sean P. Hannon, Esquire
PA I.D. #58713
DELL, MOSER, LANE & LOUGHNEY, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693
Attorneys for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the within **CONSENTED MOTION TO CHANGE CAPTION** has been served upon all counsel and parties of record by email transmission this 9th day of June, 2022.

Ashley M. Henkle, Esquire
SIMON & SIMON, P.C.
707 Grant St., Suite 1200
Pittsburgh, PA  15219
*email:  ashleyhenkle@gosimon.com*

s/ *Sean P. Hannon*
_____
Sean P. Hannon, Esquire
Attorneys for Defendants

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LAWANA DOUBLE, | CIVIL DIVISION |
| Plaintiff, | No. GD-21-015078 |
| vs. | |
| DOLLAR GENERAL CORPORATION; TOM FLATT; EXCHANGERIGHT NET LEASED PORTFOLIO D/B/A EXCHANGERIGHT; EXCHANGERIGHT NET LEASED PORTFOLIO 16, LLC; AND EXCHANGERIGHT NET LEASED PORTFOLIO 16 DST, | |
| Defendants. | |

ORDER

AND NOW, this _____ day of _____, 2022, it is hereby ORDERED, ADJUDGED and DECREED that the caption in this matter shall now read:

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LAWANA DOUBLE, | CIVIL DIVISION |
| Plaintiff, | No. GD-21-015078 |
| vs. | |
| DOLGENCORP, LLC d/b/a DOLLAR GENERAL, | |
| Defendant. | |

BY THE COURT,

_____

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                              CIVIL DIVISION

                Plaintiff,          No. GD-21-015078

      vs.

DOLLAR GENERAL CORPORATION;
TOM FLATT; EXCHANGERIGHT NET
LEASED PORTFOLIO D/B/A
EXCHANGERIGHT; EXCHANGERIGHT
NET LEASED PORTFOLIO 16, LLC; AND
EXCHANGERIGHT NET LEASED
PORTFOLIO 16 DST,

              Defendants.

DEPT OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA
2022 JUN 10 PM 3:39
FILED

### ORDER

AND NOW, this ___10___ day of ___June___, 2022, it is hereby ORDERED,

ADJUDGED and DECREED that the caption in this matter shall now read:

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                              CIVIL DIVISION

                Plaintiff,          No. GD-21-015078

      vs.

DOLGENCORP, LLC d/b/a DOLLAR
GENERAL,

              Defendant.

BY THE COURT,

_____ J.

EXHIBIT H



Home > Search > Case Search

| Search By Case Number | Search By Block/Lot No. | Search Case Filings By Date | Search Using Litigant Name ▸ |

**Enter Standard Case ID**   OR   **Enter Non Standard Case ID**      **Select Date Docket Range**

GD  21  015078     AB-12-345678      ⊙ Select Date/Date Range ▾

Search    Clear

Run Date and Time: 6/16/2022 - 10:03:07      Notification History   Sheriff History   Docket Report   Account Information

**Case Details - GD-21-015078**                     Double vs Dollar General Corporation

| | | | |
|---|---|---|---|
| Filing Date: | 12/16/2021 | Case Type: | Other Tort |
| Filing Time: | 02:23:39 | Court Type: | General Docket |
| Related Cases: | | Current Status: | Order of Court |
| Consolidated Cases: | | Jury Requested: | No |
| Judge: | Hertzberg Alan D. | | |
| Amount In Dispute: | $ 0 | | |

Collapse All

**— Parties Count : 5**

--Litigants--      Search   ▣ ▦ ⊞▾

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Double | Lawana | | Plaintiff | 192 Double Road Renfrew PA 16653 | -- | Marc I. Simon |
| Dollar General Corporation | | | Defendant | 521 Evans Road Butler PA 16001 | -- | -- |

Showing 1 to 2 of 2 rows

--Attorney--      Search   ▣ ▦ ⊞▾

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Simon | Marc | I. | Plaintiff's Attorney | SIMON & SIMON, P.C. 707 Grant Street Suite 1200 Pittsburgh PA 15219 | 4123607257 |
| Hannon | Sean | P. | Defendant's Attorney | | -- |

Showing 1 to 2 of 2 rows

--Non Litigants--      Search   ▣ ▦ ⊞▾

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Hertzberg | Alan | D. | Judge | 414 Grant Street 816 City County Building Pittsburgh PA 15219 | |

Showing 1 to 1 of 1 rows

**— Docket Entries Count : 8**      Search   ▣ ▦

| Filing Date | Docket Type | Docket Text | Filing Party | Redacted Document |
|---|---|---|---|---|
| 6/10/2022 | Order of Court | Dated 06/10/22 Ordered that the caption in this matter shall now read: See Order for specifics. Hertzberg, J. As per Rule 236 Notice, copies sent to all parties MM/DD/YYYY. | Alan Hertzberg D. | 📄 Document 8 |
| 6/9/2022 | Motion | to Change Caption | Dollar General Corporation | 📄 Document 7 |
| 5/26/2022 | Praecipe to Reinstate | | Marc Simon I. | 📄 Document 6 |
| 2/22/2022 | Notice of Service | OF DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF | Dollar General Corporation | 📄 Document 5 |
| 2/2/2022 | Affidavit of Service | Complaint served upon Business on 01/05/2022 | Lawana Double | 📄 Document 4 |
| 2/2/2022 | Affidavit of Service | Complaint served upon Defendant by Personal Service on 01/06/2022 | Lawana Double | 📄 Document 3 |
| 1/12/2022 | Praecipe for Appearance | Filed on behalf: DOLLAR GENERAL CORPORATION and TOM FLATT, Defendants | Sean Hannon P. | 📄 Document 2 |
| 12/16/2021 | Complaint | Count #1: In Excess of Arbitration Limits Count #2: In Excess of Arbitration Limits Count #3: In Excess of Arbitration Limits Count #4: In Excess of Arbitration Limits Count #5: In Excess of Arbitration Limits Plus costs/interest/attorney fees. | Lawana Double | 📄 Document 1 |

Showing 1 to 8 of 8 rows

**— Event Schedule Count : 0**      Search   ▣ ▦ ⊞▾

No matching records found

Top

**— Services Count : 0 Complete Service History**      Search   ▣ ▦ ⊞▾

No matching records found

Collapse All

EXHIBIT I

14269

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| LAWANA DOUBLE, | CIVIL DIVISION |
| Plaintiff, | No. GD-21-015078 |
| vs. | |
| DOLLAR GENERAL CORPORATION, | **NOTICE OF FILING OF NOTICE OF REMOVAL** |
| Defendant. | Code: |

Filed on behalf:  DOLLAR GENERAL
CORPORATION

Counsel of record for this Party:

Sean P. Hannon, Esquire
PA I.D. #58713

**DELL, MOSER, LANE & LOUGHNEY, LLC**
Firm #753

Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:    (412) 471-2693

**JURY TRIAL DEMANDED**

EXHIBIT J

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LAWANA DOUBLE,                                    CIVIL DIVISION

                                    Plaintiff,          No. GD-21-015078

        vs.

DOLLAR GENERAL CORPORATION,

                                    Defendant.


**NOTICE OF FILING OF NOTICE OF REMOVAL**

Pursuant to 28 U.S.C.A. § 1446(d), you are hereby notified that on the  24th  day of June,

2022, Defendant, Dollar General Corporation, filed a Notice of Removal of this action from the

Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court

for the Western District of Pennsylvania.  A copy of the Notice of Removal is attached hereto.

        I further certify that a copy of this Notice of Filing was served upon all counsel of record

by email this 24th  day of June, 2022.

**JURY TRIAL DEMANDED**

                                    DELL, MOSER, LANE & LOUGHNEY, LLC


                                    s/  *Sean P. Hannon*
                                    Sean P. Hannon, Esquire
                                    Attorneys for Dollar General Corporation, Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

Date: __June 24, 2022__          _____s/ *Sean P. Hannon*_____
Sean P. Hannon, Esquire
PA I.D. #58713
DELL, MOSER, LANE & LOUGHNEY, LLC
Two Chatham Center, Suite 1500
112 Washington Place
Pittsburgh, PA  15219
Phone: (412) 471-1180
Fax:     (412) 471-2693
Attorneys for Dollar General
Corporation, Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within **NOTICE OF FILING OF NOTICE OF REMOVAL** has been served upon all counsel and parties of record by email transmission this  24th day of June, 2022.

Ashley M. Henkle, Esquire
Simon & Simon, P.C.
707 Grant St., Suite 1200
Pittsburgh, PA  15219
*email:  ashleyhenkle@gosimon.com*

s/ *Sean P. Hannon*

Sean P. Hannon, Esquire
Attorneys for Dollar General
Corporation, Defendant